# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARRELL E. WILLIAMS,**
**# 02825-025,**

**Petitioner,**

vs.

**B. TRUE,**

**Respondent.**                                    Case No. 17-cv-645-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Darrell E. Williams is a federal prisoner who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). In 1993, he was convicted in this District of conspiring to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and 21 U.S.C. § 846. *See United States v. Williams*, No. 93-cr-40033-JPG (S.D. Ill.). Williams was sentenced to a term of life imprisonment, which was reduced to 360 months in 2010. In the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, Williams challenges his enhanced sentence as a career offender based on his prior state court convictions in Illinois for unlawful delivery of a controlled substance and in Texas for robbery and delivery of a controlled substance.

This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## I. Background

On July 29, 1993, a jury found Williams guilty of conspiring to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and 21 U.S.C. § 846. *See United States v. Williams*, No. 93-cr-40033-JPG (S.D. Ill.) ("criminal case"). The United States District Court for the Southern District of Illinois sentenced him to a term of life imprisonment on February 2, 1994. (Doc. 54, criminal case). The Seventh Circuit Court of Appeals affirmed the sentence on direct appeal. (Doc. 68, criminal case).

On January 16, 2001, Williams filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Williams v. United States*, No. 01-cv-04016-JPG (S.D. Ill. 2001) ("collateral attack"). The § 2255 motion was denied on May 10, 2001. (Doc. 3, collateral attack). Williams also filed a motion to reduce sentence, which was ultimately granted. (Doc. 1, p. 2, instant case). On October 6, 2010, his sentence was reduced to a term of 360 months. *Id.*

## II. The Petition

In the instant § 2241 Petition, Williams challenges his sentence as a career offender based on the Supreme Court's ruling in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016). (Doc. 1). He argues that his Illinois conviction for

2

unlawful delivery of a controlled substance, his Texas conviction for robbery (Harris County Case No. 464708), and/or his Texas conviction for delivery of a controlled substance (Harris County Case No. 538448) can no longer be used to enhance his sentence. (Doc. 1, pp. 2-3).

Williams made no attempt to bring a second collateral attack based on *Mathis*. (Doc. 1, p. 3). He cites two reasons. *Id*. Williams states that the time for doing so passed before *Mathis* was decided, and this circuit's case law makes it clear that *Mathis* claims must be brought pursuant to § 2241. (Doc. 1, p. 5) (citing *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016)).

### III. Discussion

A federally convicted person may challenge his conviction and sentence on direct appeal or by bringing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). However, the number of collateral attacks that a prisoner may bring is limited, and Williams has already brought one. *See Williams v. United States*, No. 01-cv-04016-JPG (S.D. Ill. 2001).

A second or successive § 2255 motion is not authorized, unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h). The Seventh Circuit has indicated that arguments under *Mathis* do not warrant second or successive collateral attacks. *See Dawkins*, 829 F.3d at 551. They "must be brought, if at all, in a petition under 28 U.S.C. § 2241." *Id*.

Under the "savings clause" of § 2255(e), a federal prisoner may file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Section 2255 is deemed to be inadequate or ineffective where the following three requirements are met: (1) the petition relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first § 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d at 586; *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012).

In his § 2241 Petition, Williams relies primarily on *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), to challenge his enhanced sentence as a career offender. *Mathis* addresses the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Supreme Court set forth the test that should be applied when determining whether a state conviction falls within the elements clause. Under this test, Williams argues, his Illinois and Texas convictions no longer trigger an enhanced sentence.

4

The first *Davenport* requirement is satisfied because *Mathis* is a "new" statutory interpretation case. *See Dawkins*, 829 F.3d at 551 (*Mathis* "is a case of statutory interpretation."); *Jenkins v. United States*, No. 16-3441 (7th Cir. Sept. 20, 2016) ("Mathis is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."). The second *Davenport* requirement is also satisfied. *Mathis* is a substantive rule, and controlling precedent indicates that substantive Supreme Court rules are applied retroactively. *Id.*; *Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). *But see Street v. Williams*, No. 17-cv-364-bbc, 2017 WL 3588651 (W.D. Wis. dismissed August 18, 2017) (dismissing § 2241 petition brought pursuant to *Mathis* for failure to satisfy second *Davenport* requirement); *Neff v. Williams*, No. 16-cv-749-bbc, 2017 WL 3575255 (W.D. Wis. dismissed August 17, 2017) (same); *Van Cannon v. United States*, No. 16-cv-433-bbc and 08-c5-185-bbc (W.D. Wis. dismissed July 10, 2017) (same). Finally, the alleged increase in Williams' sentence could amount to a miscarriage of justice.

The § 2241 Petition facially satisfies the *Davenport* requirements and warrants a response. However, the Court notes that the Supreme Court's decision in *Mathis* dealt with the ACCA and not the federal sentencing Guidelines. *United States v. Hinkle*, 832 F.3d 569, 574 (7th Cir. 2016). Whether *Mathis* applies to Williams' sentence is not clear, where the sentence enhancement was based on the advisory sentencing guidelines and not the ACCA. The Supreme

5

Court recently held that the residual clause in U.S.S.G. § 4B1.2(a) was not subject to a vagueness challenge, distinguishing a sentence imposed under the advisory sentencing guidelines from a sentence under the residual clause of the ACCA. *Beckles v. United States*, -- U.S. --, 137 S.Ct. 886 (March 6, 2017) (distinguishing *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)). Because the impact of *Mathis* is not yet clear and the record before this Court is limited, it is not plainly apparent that relief is unwarranted. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. A response to the § 2241 Petition will be ordered.

## IV. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS ORDERED** that Respondent Warden B. True shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings and for disposition.

**IT IS ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge **Proud** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 28, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.08.28 12:25:22 -05'00'

**United States District Judge**