IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL E. WILLIAMS, #02825-025, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 17-cv-0645-SMY ) |
| B. TRUE, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Darrell E. Williams, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on June 21, 2017. (Doc. 1). In 1993, Williams was convicted on one Count of conspiracy to distribute more than fifty (50) grams of cocaine base ("crack cocaine") following a jury trial in this District. *United States v. Williams*, Case No. 93-cr-40033-JPG, Doc. 32 (S.D. Ill. July 29, 1993). He was sentenced to life imprisonment based on the United States Sentencing Guidelines' (the "Guidelines") drug offender and criminal history provisions, which established Williams' total offense level of 43 with a criminal history category of VI. *Id.* at Doc. 52; (Doc. 10, pp. 6–7, 14–15). Williams was also determined to be a career offender under § 4B1.1 of the Guidelines, which would have placed his offense level and criminal history category at 37 and VI, respectively. Ultimately, this had no bearing on his imposed sentence because both his offense level and criminal history category were independently equal to or higher than those established by his career offender status. (Doc. 10, pp. 6–7. 14–15).

In 2010, Williams successfully petitioned to retroactively apply amended sentencing guidelines to reduce his sentence, resulting in him being resentenced to a term of 360 months

imprisonment; within the amended Guidelines' advisory range of 360 months to life imprisonment. *United States v. Williams*, Case No. 93-cr-40033-JPG, Doc. 79 (S.D. Ill. Sept. 2, 2010). Williams has since unsuccessfully petitioned for a further reduction to his sentence under more recent Guidelines amendments which were made retroactive in 2011 and 2014. *Id*. at Docs. 80, 85, 88.

Williams now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) to challenge his designation as a career offender during his original sentencing and to argue that he is entitled to be resentenced. Specifically, Williams argues that two prior convictions – a 1986 Texas robbery conviction and a 1989 Texas delivery of a controlled substance conviction – were improperly used to determine that he was a career offender because the Texas statutes criminalized behavior so broadly that they could not fit within the Guidelines' definitions of a "crime of violence" and a "controlled substance offense." (Doc. 1, pp. 3, 6–13).

Respondent opposes issuance of the Writ primarily on two grounds. First, Respondent argues that Williams cannot satisfy the requirements of § 2255(e)'s savings clause because his argument was not foreclosed by binding precedent before *Mathis* was decided. (Doc. 12, pp. 7–9). Respondent also argues that Williams' alleged harm cannot be deemed a miscarriage of justice because his career offender designation had no actual effect on his sentence which would have been the same regardless of his career offender determination, even when considering amendments to the Guidelines since Williams' conviction. (Doc. 12, pp. 10–11). Williams replied to Respondent's response. (Doc. 14).

This matter is now ripe for resolution. For the reasons discussed below, Williams' § 2241 Petition will be **DENIED**.

**Procedural History and Relevant Facts**

On July 29, 1993, Williams was found guilty of one Count of Conspiracy to Distribute Cocaine pursuant to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. *United States v. Darrell Williams*, Case No. 93-cr-40033-JPG, Doc. 32 (July 29, 1993). The Presentence Report ("PSR") placed Williams' Base Offense Level at 38 based on at least 1.5 kilograms of cocaine base involved in Williams' offense of conviction, and added 6 more offense levels due to Williams' possession of a firearm during the commission of the offense, Williams' role as a supervisor of the criminal activity of distribution, and Williams' obstruction of justice by threatening and intimidating witnesses. *Id*. at Doc. 54, p. 6. This resulted in a Total Offense Level of 43.[1] *Id*. The PSR also calculated a criminal history score of 16, based solely on Williams' multiple prior adult convictions per U.S.S.G. § 4A1.1, which placed Williams in criminal history category VI. *Id*. at pp. 9–11.

The PSR also noted that Williams was properly considered a career offender under U.S.S.G. § 4B1.1 by virtue of his prior convictions for robbery, burglary, and delivery of a controlled substance, all pursuant to Texas state law. *Id*. at pp. 9–12. This designation would independently result in an offense level of 37 and a criminal history category of VI—however, the PSR noted that because Williams' calculated offense level before considering the career offender enhancement was greater than 37, the greater, non-career offender level applied. *Id*. at p. 7; *see also* U.S.S.G. § 4B1.1(b) (stating that the career offender designation's offense level applies only if it is greater than the normally-calculated offense level). Further, the PSR noted that, while Williams' career offender designation automatically placed his criminal history category at VI, Williams' criminal history category was already at VI due to his 16 criminal history points, regardless of the career offender designation. *Id*. at pp. 11–12. The PSR calculated Williams'

---

[1] The Guidelines state that "[a]n offense level of more than 43 is to be treated as an offense level of 43," which was noted by the PSR. *Id*. at p. 6; U.S.S.G. Ch. 5, Pt. A – Sentencing Table, at n. 2.

statutory sentencing range at a mandatory minimum of 20 years, with a maximum of life. *Id*. at Doc. 54, pp. 14-15; *see* 21 U.S.C. § 841(b)(1)(A); § 851. Williams was sentenced to life imprisonment on February 2, 1994. *Id*. at Doc. 52.

Williams' direct appeal unsuccessfully challenged the sufficiency of the evidence supporting his conviction but raised no issue regarding his sentence. *United States v. Williams*, 61 F.3d 534, 535 (7th Cir. 1995). He eventually filed a Petition for Habeas Corpus under § 2255 based on arguments unrelated to his current Petition. It was denied in 2001. *Williams v. United States*, Case No. 01-cv-4016-JPG, Doc. 3 (S.D. Ill. May 10, 2001).

Williams successfully petitioned to have his sentence reduced in 2010, arguing that applying the 2008 amendments to the Guidelines to his offense level would permit a Guidelines sentencing range of 360 months to life imprisonment instead of the mandatory sentence of life imprisonment in effect at the time of his original sentencing. *United States v. Williams*, Case No. 93-cr-40033, Doc. 78 (S.D. Ill. Aug. 27, 2010). The Court granted Williams' Petition and resentenced him to 360 months imprisonment on September 2, 2010. *Id*. at Doc. 80.

Williams again petitioned this Court for a sentence reduction, arguing the 2011 and 2014 amendments to the Guidelines lowered his base offense level, which necessitated another resentencing using a lower Guidelines range. However, Williams' total offense level was 38 even after the Guidelines amendments were applied.[2] That level carried a range of 360 months to life

---

[2] After the 2014 amendments to the Guidelines, the base offense level for Williams' conviction was 32. U.S.S.G. §2D1.1(c)(4) (2014). However, Williams' offense level adjustments (two additional levels for possessing a firearm during the commission of the offense, two levels for his role as a supervisor of the criminal activity, and two levels for obstruction of justice by threats and intimidation) were unaffected by the amendments to the Guidelines, which would still result in a total offense level of 38. (*See* Doc. 10, p. 6). Because Williams' criminal history category was VI, independent of his career offender designation, his Guidelines sentencing range remained at 360 months to life imprisonment. U.S.S.G. Ch. 5, Pt. A – Sentencing Table (2014).

imprisonment given his criminal history category of VI. Thus, the Court denied the Petition in 2016, concluding, "[a]s the defendant's current sentence is 360 months, he cannot receive any benefit from the 2011 and/or the 2014 amendments." Case No. 93-cr-40033-JPG, Doc. 88, p. 2. Williams has since filed a motion for resentencing pursuant to the First Step Act of 2018[3] which remains pending before this Court. *United States v. Williams*, Case No. 93-cr-40033-JPG, Doc. 89 (S.D. Ill. Jan. 25, 2019).

## **Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is

---

[3] *See* Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

5

"inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a Section 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## **Analysis**

Williams argues that *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) dictates that his prior convictions under Texas state law for burglary and delivery of a controlled substance do not qualify as predicate crimes for purposes of the career offender enhancement found in the Sentencing Guidelines. (Doc. 1, pp. 3–13). Before reaching the merits of this argument, the Court must first consider whether Williams' claim can be brought within the narrow scope of § 2255's savings clause. The Court agrees with Respondent that Williams cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a

6

miscarriage of justice, and therefore cannot satisfy the requirements of the savings clause to bring his *Mathis* claim in a § 2241 petition.

As the Seventh Circuit has repeatedly held since *Davenport*, a petitioner must establish, among other things, that there exists a "fundamental defect" grave enough to be deemed a "miscarriage of justice" before Section 2241 may be employed to collaterally attack his or her conviction or sentence. *See Caraway*, 719 F.3d at 586; *Rios*, 696 F.3d at 640. Implicit in this requirement is that the defect in sentencing must have been the <u>cause</u> of the petitioner's allegedly defective conviction or sentence. If the alleged defect did not actually lead to a petitioner's allegedly defective conviction or sentence, it cannot possibly have precipitated a "miscarriage of justice." While the improper application of a sentencing enhancement such as the career offender Guidelines enhancement can potentially be a miscarriage of justice, this is only true where the improper application of the enhancement directly led to the sentence that was imposed. *See, e.g.*, *Caraway*, 719 F.3d at 588; *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011). That is not the case here.

As Respondent points out, it is clear from the PSR from Williams' original sentencing that his original life sentence was the result of a total offense level and criminal history category that were derived from the amount of cocaine base at issue in his underlying conviction and the number and nature of his past adult convictions. (Doc. 10, pp. 6–7, 9–12). The PSR specifically states that because "the total offense level [as determined by U.S.S.G. § 2D1.1] is greater than the offense level after application of the career offender provision[, t]he greater level applies." (*Id*. at p. 7). Further, the PSR specifically states that while Williams "is a career offender pursuant to U.S.S.G. § 4B1.1," resulting in a criminal history category of VI, "[t]he criminal history category as determined [by Williams' criminal history alone] is also category VI," regardless of his career

offender designation. (*Id*. at p. 12).

Had Williams' sentence been the result of the career offender designation, he would have been assigned an offense level of 37, *see* U.S.S.G. § 4B1.1(b), and sentenced accordingly. However, the sentencing court did not rely on the career offender enhancement at Williams' original sentencing, nor did it rely on the enhancement when Williams was resentenced in 2010. *See United States v. Williams*, Case No. 93-cr-40033-JPG, Doc. 79 (S.D. Ill. Sept. 2, 2010) (resentencing Williams to 360 months imprisonment after determining his amended offense level to be 42, not 43). Similarly, when the sentencing court denied Williams' subsequent motion to further reduce his sentence in 2016, it did not discuss his career offender enhancement at all. Instead, it explained that even with the 2011 and 2014 amendments to the Guidelines' drug-related provisions, the lowered base offense level combined with the non-career offender level enhancements[4] still resulted in a total offense level and criminal history category yielding a Guidelines' range of 360 months to life imprisonment. *Id*. at Doc. 88; *see also id*. at Doc. 85.[5]

The record is clear that both Williams' initial sentencing and his 2010 resentencing were based on the Guidelines' drug provisions and were unrelated to its career offender provisions. While Williams correctly notes that his Base Offense Level for the amount of cocaine base at issue in his underlying conviction would be 32 under the amended Guidelines, (Doc. 14, pp. 2–3), he ignores the additional 6 level adjustment assessed by the sentencing court due to his possession of a firearm during the commission of the offense, his role as a supervisor of the criminal activity of

---

[4] (*See* Doc. 10, p. 6).
[5] In her "no-merits" brief filed pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), the Federal Public Defender assigned to represent Williams for his second motion for reduction of sentence stated that "the 2011 retroactive Guideline Amendment 750 reduces Mr. Williams' total base offense level to 40, with a criminal history category VI . . . [and t]he 2014 Amendment 782 reduces Mr. Williams' total base offense level to 38, with a criminal history category VI," and concluded that "Mr. Williams cannot receive any benefit from [either the] 2011 [or 2014] guideline Amendment." *Id*. at Doc. 85, p. 2.

distribution, and his obstruction of justice by threatening and intimidating witnesses. (Doc. 10, p. 6). These offense level adjustments are wholly unrelated to his designation as a career offender and unaffected by any amendments to the Guidelines since his conviction.

Because Williams' 360-month sentence would fall within the correct Guidelines range even if he were never designated a career offender, he cannot establish any fundamental defect in his sentence stemming from his designation as a career offender that could possibly satisfy *Davenport*'s "miscarriage of justice" requirement. *See United States v. Mitchell*, 525 F. App'x 479, 481 (7th Cir. 2013) ("[A]ny argument disputing [the defendant's] career-offender status would be frivolous given that [his] sentence fell within the range that would have controlled if he were not a career offender."); *Meeks v. Warden USP Terre Haute*, Case No. 18-cv-0215-JMS-DLP, 2019 WL 935027, at *5 (S.D. Ind. Feb. 26, 2019) (finding that a petitioner under Section 2241 cannot demonstrate a miscarriage of justice necessary to make a *Mathis* argument where, despite being "found to be a career offender under the Guidelines," his sentence was "not a result of his career offender designation"); *Mitchell v. True*, Case No. 17-cv-639-DRH-CJP, 2018 WL 339273, at *3 (S.D. Ill. Jan 9, 2018) ("[A]ny attack on the career offender enhancement is futile because petitioner faced the same Guidelines range whether or not he was considered to be a career offender.") (citing *Mitchell*, 525 F. App'x at 480). Accordingly, Williams' Petition must be dismissed.

## Conclusion

For the foregoing reasons, Williams' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. Accordingly, this action is **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: June 7, 2019**

                                            **s/ Staci M. Yandle**
                                            **STACI M. YANDLE**
                                            **United States District Judge**